DECISION AND JOURNAL ENTRY
Appellant, the State of Ohio ("the State"), appeals the decision of the Lorain County Court of Common Pleas ordering certain property returned to Mr. Epstein, appellee. We affirm.
 I.
On October 28, 1998, Mr. Epstein was indicted by the Lorain County Grand Jury on numerous counts stemming from allegations that Mr. Epstein had attempted to purchase sexual favors from a number of young women. The case was tried to the bench, and in an entry journalized on April 26, 1999, Mr. Epstein was convicted on several counts of the indictment. He was sentenced accordingly on April 26, 1999.
On May 13, 1999, the State filed a motion for the disposal of the evidence used in the case, including a large amount of United States currency, to itself pursuant R.C. 2933.41. Mr. Epstein responded in opposition and sought the return of his property pursuant to R.C. 2933.41(B). The trial court, on May 27, 1999, ordered that the handgun and ammunition be forfeited to the Lorain Police Department and that the currency be returned to Mr. Epstein. On June 6, 1999, the State filed a motion seeking findings of fact and conclusions of law. The trial court did not respond. This appeal followed.
 II.
Appellant asserts three assignments of error. We will address each in due course, consolidating the first two assignments of error to facilitate review.
A. Third Assignment of Error
 THE TRIAL COURT ERRED IN ORDERING THE RETURN OF THE CASH TO DEFENDANT INASMUCH AS THE ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE INTRODUCED AT THE BENCH TRIAL.
 The State avers that, based upon the evidence adduced at trial, the trial court erred in ordering the cash used as evidence at the trial returned to Mr. Epstein. Furthermore, the State asserts that the trial court should have ordered the cash forfeited to the State pursuant to R.C. 2933.41(C) and (D). We disagree.
Prior to the legislature amending R.C. 2933.41, the Ohio Supreme Court held that "[p]roceedings under R.C. 2933.41 are criminal in nature but civil in form." State v. Lilliock (1982),70 Ohio St.2d 23, paragraph two of the syllabus. The current version of R.C. 2933.41, in pertinent part, states:
 (A)(1) Any property * * * that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited, and that is in the custody of a law enforcement agency shall be kept safely pending the time it no longer is needed as evidence and shall be disposed of pursuant to this section. * * *
* * *
 (C) A person loses any right that the person may have to the possession, or the possession and ownership, of property if any of the following applies:
 (1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.
 (2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property.
 The Double Jeopardy Clauses of Section 10, Article I, of the Ohio Constitution and the Fifth Amendment to the United States Constitution "forbid punishing a defendant twice for the same offense." State v. Casalicchio (1991), 58 Ohio St.3d 178, 183. Hence, when a forfeiture proceeding pursuant to R.C. 2933.41 is filed after one is convicted and sentenced, a court, upon objection, must determine whether such forfeiture is a civil penalty or is barred by the Double Jeopardy Clauses because the forfeiture is a criminal sanction and punitive. Id. at 182-83. When the forfeiture pursuant to R.C. 2933.41 is of property that is inherently unlawful to possess or inherently unlawful for that person to possess, the forfeiture is not necessarily a punitive action. State v. Adams (1995), 105 Ohio App.3d 492, 501-02. However, if the property could be lawfully possessed by the party in question, and therefore, the forfeiture is sought only as a penalty for the underlying criminal activities that already form the basis of the criminal conviction, the forfeiture is an additional penalty for that underlying criminal conduct. See Id. at 501-02. "[T]he Double Jeopardy Clauses bar the state from seeking a new penalty to a crime after a defendant has been sentenced for that crime." Casalicchio, 58 Ohio St.3d at 183.
In the instant case, the State did not seek forfeiture of the currency until after the defendant had been convicted and sentenced. Furthermore, it is not inherently illegal for one to possess United States currency or for the defendant to possess United States currency, rather the State seeks forfeiture due to the currency's alleged use in the underlying crime. Hence, we conclude that the State's motion for forfeiture pursuant to R.C.2933.41, insofar as it concerns the currency at issue here, was barred by the Double Jeopardy Clauses of the Ohio and United States Constitutions as it constituted an additional penalty for the underlying offense. We do not reach the State's assertion that the trial court's finding was against the manifest weight of the evidence because that trial court need not have resorted to the evidence in properly ruling on the State's claim. Accordingly, the State's third assignment of error is overruled.
B. First Assignment of Error
 THE TRIAL COURT ERRED IN FAILING TO ISSUE A NOTICE OF ANNOUNCEMENT OF ITS DECISION CONCERNING THE O.R.C. § 2933.41 [sic] ORDER COMPELLING A RETURN OF THE SEIZED PROPERTY.
Second Assignment of Error
 THE TRIAL COURT ERRED IN FAILING TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW UPON TIMELY REQUEST MADE PURSUANT TO OHIO CIVIL RULE 52 WITH RESPECT TO AN ORDER DISPOSING OF PROPERTY UNDER O.R.C. § 2933.41.
 The State avers that the trial court erred in failing to give notice of its decision regarding the disposition of the property at issue here. Further, the State argues that the trial court erred in failing to make findings of fact and conclusions of law. We conclude that the alleged error was harmless.
The State concedes that "[o]nly when a reviewing court can determine, without weighing the evidence, that the appellant has not been prejudiced can it conclude that failure of the trial court to make findings of fact and conclusions of law was harmless error." St. Paul Fire Marine Ins. Co. v. Battle (1975),44 Ohio App.2d 261, 267. As the State was barred by the Double Jeopardy Clauses from obtaining the forfeiture of Mr. Epstein's currency, we conclude that, as discussed above, we need not weigh the evidence. Accordingly, we conclude that any error by the trial court in failing to issue findings of fact and conclusions of law was harmless.
The State also asserts that it was error for the trial court to fail to notify it of the decision which denied forfeiture of Mr. Epstein's currency under the Ohio Supreme Court's holding inAtkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80. In that case, the Ohio Supreme Court stated that "[t]he right to file an appeal, as it is defined in the Appellate Rules, is a property interest and a litigant may not be deprived of that interest without due process of law." Id. at paragraph one of the syllabus. The State avers that such a failure of notice violated its right to due process of law by prejudicing its right to appeal. We conclude, however, that any error is harmless because the State received actual notice of the trial court's decision and was able to file a timely appeal from the trial court's decision. The State's first and second assignments of error are overruled.
 III.
The State's three assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
CARR, J., WHITMORE, J., CONCUR.