*308
 
 Matthias, J.
 

 Section 5328, General Code, requires that “all personal property located and used in business in this state * * * shall be subject to taxation.”
 

 The personal property involved in this controversy consists of certain furniture and fixtures hereinafter described. The facts are not in dispute and there is no disagreement as to the assessed value of such property, the only issue being its taxability. The determination of that issue depends upon the meaning and application of the phrase “used in business.” The scope of that term is defined in Section 5325-1, General Code, as follows:
 

 “Within the meaning of the term ‘used in business,’ occurring in this title, personal property shall be considered to be ‘used’ when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying-on the business, when kept and maintained as a part of a plant capable of operation, whether actually in operation or not, or when stored or kept on hand as material, parts, products or merchandise; * *
 

 That section also contains the following- provision:
 

 “ ‘Business’ includes all enterprises of whatsoever character conducted for gain, profit or income and extends to personal service occupations.”
 

 The Hinde & Dauch Paper Company, during the period in question, was engaged in the business of manufacturing- strawboard, linerboard, corrugated fibre shipping- boxes and packing materials. Its manufacturing plants were located in Erie, Cuyahoga and Allen counties. It maintained a sales office in Toledo and owned a lodge and six cottages, a small cottage for employees and five so-called one-room cottages, on property located at Put-in-Bay which is in Ottawa county. No manufacturing operations of any kind were conducted in that location. The lodge was furnished with the usual living room, dining room and
 
 *309
 
 kitchen furniture and fixtures, and the six cottages were furnished with bedroom furniture and fixtures. The lodge and cottages were kept open from Memorial Day to October 1 of each year and were used by the employees, customers, prospective customers and friends of the superintendent and personnel of The Hinde & Dauch Paper Company. District managers from the various plants assembled there for management meetings, and occasionally directors’ meetings were also held there.
 

 The business of sales of the finished products of the appellee is secondary in importance only to the business of manufacture. In fact the manufacture and the sales of the finished products constitute the business of the appellee. All the property used in the sales, as well as that used in the manufacture of these products, is therefore “used .in business.”
 

 The mere fact that this property is separate and apart from the manufacturing plants of the appellee would not of itself serve to exempt it from taxation. It certainly would not be urged that the furniture and fixtures in the offices and sales rooms of the appellee, whether within the manufacturing establishment or located elsewhere, are not “used in business.” No more can it be contended that equipment of any character procured and used for the recreation of employees or for the entertainment of employees or customers and prospective customers of the company is not used in connection with the business. Such procurement and use of the property was without doubt designed to increase the production and particularly to promote the sales of the company’s products. To be subject to taxation, it is not essential that such property be used directly in the process of manufacturing. It need be only a means or instrumentality for carrying on the business.
 

 The federal authorities invariably'permit expendí
 
 *310
 
 tures for such purpose as that for which this‘property was used to be deducted as expenses of business operation in computing income taxes, instances of which are: Expenses of employees’ dances and picnics
 
 (Popular Dry Goods Co.
 
 v.
 
 Commissioner of Internal Revenue,
 
 6 B. T. A., 78, aiid
 
 Bowman
 
 v.
 
 Commissioner of Internal Revenue,
 
 16 B. T. A., 1157); the cost of the operation of a yacht for the entertainment of customers and employees
 
 (Dickinson
 
 v.
 
 Commissioner of Internal Revenue,
 
 8 B. T. A., 722); and expenses of a playwright and theatrical manager for traveling, entertaining actors, employees and dramatic critics
 
 (Cohan
 
 v.
 
 Commissioner of Internal Revenue,
 
 39 P. [2d], 540).
 

 We therefore are of the opinion that the order of the Tax Commissioner was correct and that the decision of the Board of Tax Appeals reversing such order was unreasonable and unlawful and is accordingly reversed.
 

 Decision reversed.
 

 Weygandt, C. J., Hart, Bell and Turner, JJ., concur.
 

 Williams, J., not participating.