### In re FORFEITURE OF DORSEY.

[Cite as *In re Forfeiture of Dorsey* (1991), 75 Ohio App.3d 526.]

Court of Appeals of Ohio,
Montgomery County.

No. 12644.

Decided Aug. 16, 1991.

*Marcell N. Dezarn,* Assistant Prosecuting Attorney, for appellee.

*Daniel J. O'Brien,* for appellants.

---

FAIN, Presiding Judge.

James T. Dorsey, Jr. "and all others adversely affected" appeal from a judgment of the trial court forfeiting twenty-nine firearms to the city of Dayton. However, the real party in interest appears to be Laverne Dorsey, James Dorsey's wife, who appeared in the trial court claiming an ownership interest in the guns and to whom James Dorsey has purported to convey any interest that he may have in the guns.

Mrs. Dorsey contends that the trial court erred by declaring the guns forfeited to the city of Dayton. We agree. We conclude that the forfeiture petition should have been dismissed upon the authority of *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 569 N.E.2d 916. Accordingly, the judgment of the trial court is reversed, and this court will dismiss the forfeiture petition pursuant to App.R. 12(B).

I

In October 1989, Dayton police officers executed a search warrant at the home of James T. Dorsey, Jr., and seized the twenty-nine guns that are the subject of this petition. The home from which the guns were seized was also the residence of Laverne Dorsey, James Dorsey's wife.

At the time of the seizure, a felony indictment was pending against Dorsey, as a result of which he was disabled from possessing, acquiring, having, or using any firearms. However, this indictment was later dismissed. Before the dismissal of this first indictment, a second indictment was filed, charging James Dorsey with an additional felony, which also disabled him from possessing firearms. The second indictment, for aggravated trafficking, resulted in a conviction, and James Dorsey was sentenced in April 1990. The guns were not contraband, and there is no evidence that the guns were used in James Dorsey's criminal enterprise.

On May 8, 1990, *after* James Dorsey was convicted and sentenced, this petition for forfeiture was filed by the Montgomery County Prosecuting Attorney, seeking to forfeit the guns to the city of Dayton. The matter was heard before a referee. At the hearing, Attorney Daniel J. O'Brien, who seems to have been representing the interests of both Mr. and Mrs. Dorsey, entered an appearance on behalf of Laverne Dorsey, in which he contended, on Laverne Dorsey's behalf, that the guns belonged to her.

The referee found that the guns belonged to Laverne Dorsey. It appears that the referee based this conclusion upon James Dorsey's purported transfer

of his interest in the guns to his wife, rather than upon her claim that she owned the guns even before her husband's purported transfer. The referee recommended that judgment be entered in favor of Laverne Dorsey and that the guns be released to her.

The city objected. The trial court rejected the recommendation of the referee, although it appears that the trial court accepted the referee's findings of fact. The trial court held that James Dorsey's purported transfer of his interest in the guns, while an indictment was pending against him, was subject to the provisions for forfeiture contained in R.C. 2933.41(C) and (D), so that James Dorsey's purported transfer of his ownership interest to his wife was subject to the subsequent forfeiture.

Both parties agree that the trial court failed to address Laverne Dorsey's claim that her ownership interest in the guns was independent of, and preceded, James Dorsey's purported transfer of his interest to her.

The trial court entered judgment for the city of Dayton, forfeiting the twenty-nine guns to the city. From this judgment, the Dorseys appeal.

## II

Laverne Dorsey's sole assignment of error is as follows:

"The Montgomery County Court of Common Pleas erred in reversing the referee's report without even asking for a stenographic verbatim transcript even though it was available thereby entering a forfeiture judgment in favor of the city of Dayton because James T. Dorsey is not the rightful owner of the property to be forfeited and disposed of pursuant to R.C. § 2933.41."

Although the assignment of error appears, at first glance, to be rather narrowly drawn, the argument in its support is broad. Laverne Dorsey argues, among other things, that the forfeiture was contrary to law.

At oral argument, Laverne Dorsey relied upon *State v. Casalicchio, supra.* In that case, the Supreme Court held that the forfeiture of property pursuant to R.C. 2933.42 and 2933.43 was in the nature of punishment, and that it therefore violated the Double Jeopardy Clauses of both the Ohio and the United States Constitutions (Section 10, Article I of the Ohio Constitution; Fifth Amendment to the United States Constitution) to declare a forfeiture as a result of a conviction *after* the imposition of a sentence for the offense.

Although the forfeiture in *Casalicchio* was pursuant to R.C. 2933.42 and 2933.43, whereas the forfeiture in the case before us is pursuant to R.C.

2933.41, we conclude that the result must be the same under the circumstances of this case.[1] The city conceded, at oral argument, that the propriety of the forfeiture in the case before us was dependent upon James Dorsey's having been convicted of the offense with which he was charged pursuant to the second of the two indictments against him. The city conceded that if James Dorsey had been acquitted of that charge, the guns could not properly have been forfeited. Accordingly, we conclude that *State v. Casalicchio* is controlling under the facts of this case.

Because the forfeiture petition in the case before us was filed after James Dorsey's conviction and sentence, we conclude that it was barred by the Double Jeopardy Clauses of both the Ohio and United States Constitutions, under the authority of *State v. Casalicchio.*

The Dorseys' sole assignment of error is sustained.

### III

The Dorseys' sole assignment of error having been sustained, and this court having concluded that the forfeiture petition in this case was barred by the Double Jeopardy Clauses of both the Ohio and United States Constitutions, the judgment of the trial court declaring the twenty-nine guns forfeited to the city of Dayton is reversed, and the forfeiture petition is dismissed, pursuant to App.R. 12(B).

*Judgment accordingly.*

BROGAN and GRADY, JJ., concur.

---

1 Although civil in form, proceedings under R.C. 2933.41 are criminal in nature. *State v. Lilliock* (1982), 70 Ohio St.2d 23, 24 O.O.3d 64, 434 N.E.2d 723, paragraph two of the syllabus.