The following appeal arises from an order by the Belmont County Court of Common Pleas denying Earnest William Kennedy, Jr.'s motion to return certain seized property. For the following reasons, the trial court's decision is reversed and this matter is remanded for the return of the firearms to appellant or his representative.
 I. FACTS
On July 12, 1994, Earnest William Kennedy Jr., "appellant", was indicted on two counts of Trafficking in Drugs in violation of R.C. 2925.03(A) (1). On August 1, 1994, the Belmont County Sheriff's Department seized approximately 21 firearms and $305.00 in currency pursuant to a search warrant executed by the Belmont County Court, Western Division. On August 11, 1994, appellant was arraigned before the Belmont County Court, Western Division. On August 16, 1994, appellant waived the preliminary hearing and was bound over to the grand jury and Belmont County Common Pleas Court. Appellant waived his right to prosecution by indictment and consented to prosecution by information on September 12, 1994. Appellant also plead guilty to the two counts of Trafficking in Drugs in violation of R.C. 2925.03 (A) (1) on September 12, 1994. On October 11, 1994, appellant was sentenced to serve a one year definite term on both counts one and two with the terms to run concurrently.
On November 3, 1994, appellant filed a motion for return of seized property. On February 8, 1995, the trial court overruled appellant's motion in part and sustained appellant's motion in part. The trial court returned the following items to appellant or his representative: a Sentry safe; a Century lockbox; 33 videotapes; a black address book; a VHS tape; a cellular phone with charger; a Montgomery Ward microwave oven; a Commodore computer; a W-Monitor; and 100 floppy disks. On March 7, 1995, appellant filed a timely notice of appeal.[1]
On September 23, 1996, this court remanded the matter to the trial court "for further proceedings consistent with the opinion and in accordance with R.C. 2933.41 for the disposition of the $305.00 in currency and the collection of firearms."
The trial court held a hearing on October 7, 1996. On October 8, 1996, the trial court ordered the return of the $305.00 in currency but denied the return of the firearms on the grounds that appellant was unable to possess the same pursuant to R.C.2923.13. Appellant filed a timely notice of appeal on October 17, 1996.
 II. ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal reads:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ORDERING THE DE FACTO FORFEITURE OF FIREARMS SEIZED FROM APPELLANT EARNEST WILLIAM KENNEDY, JR. IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS AGAINST DOUBLE JEOPARDY AND AGAINST EXCESSIVE FINES."
Appellant argues that the post-conviction and post-sentencing forfeiture of his property violated his rights against Double Jeopardy and constituted an excessive fine. Moreover, appellant argues that he has not been charged with the violation of any statute which would warrant such a forfeiture of his property.
 A. LAW
R.C. 2925.42 outlines the applicable policy for forfeiture of felony drug offender's property. It reads in relevant part:
 "(A) (1) In accordance with division (B) of this section, a person who is convicted of or pleads guilty to a felony drug abuse offense * * * loses any right to the possession of property and forfeits to the state any right, title, and interest the person may have in that property if any of the following applies:
 (a) The property constitutes, or is derived directly or indirectly from, any proceeds that the person obtained directly or indirectly from the commission of the felony drug abuse offense or act.
 (b) The property was used or intended to be used in any manner to commit, or to facilitate the commission of, the felony drug abuse offense or act.
* * *
 (B) (1) A criminal forfeiture of any right, title, or interest in property described in division (A) (1) of this section is precluded unless one of the following applies:
 (a) The indictment, count in the indictment, or information charging the felony drug abuse offense specifies the nature of the right, title, or interest of the alleged offender in the property described in division (A) (1) of this section that is potentially subject to forfeiture under this section, or a description of the property of the alleged offender that is potentially subject to forfeiture under this section, to the extent the right, title, or interest in the property or the property is reasonably known at the time of filing the indictment or information; * * *.
* * *
 (B) (3) (a) If a person is convicted of or pleads guilty to a felony drug abuse offense * * * then a special proceeding shall be conducted in accordance with this division to determine whether any property described in division (B) (1) (a) or (b) of this section will be the subject of an order of forfeiture under this section. * * *."
R.C. 2933.41 further provides the procedure through which property, which is not contraband[2], that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited is disposed. It provides in relevant part:
 "(A) Any property, * * * that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited, and that is in the custody of a law enforcement agency shall be kept safely pending the time it no longer is needed as evidence and shall be disposed of pursuant to this section. * * *.
* * *
 (C) A person loses any right that the person may have to the possession and ownership, of property if any of the following applies:
* * *
 (2) A court determines that the property should be forfeited because, in light of the circumstances of the person, it is unlawful for the person to acquire or possess the property."
Consequently, the firearm need not be part of the offense if the trial court determines that it is unlawful for the person to acquire or possess the property.
The trial court, herein, determined that it was unlawful for appellant to acquire or possess the guns pursuant to R.C. 2923.13
which provides in relevant part:
 "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm * * *, if any of the following apply:
 (3) The person is under indictment for or has been convicted of any offense involving the Illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *."
The Second District Court of Appeals decision in In reForfeiture of Dorsey (1991), 75 Ohio App.3d 526, provides further guidance on this matter. In Dorsey, police officers executed a search warrant at the defendant's home and seized twenty-nine guns. At the time of the seizure, an indictment was pending against the defendant under which he would have been disabled from possessing firearms. A second indictment was subsequently filed charging the defendant with aggravated trafficking and the first indictment was dismissed. The second indictment resulted in a conviction.
The guns were not contraband and there was no evidence that they were used in the commission of the offense. After the defendant was sentenced, the state filed a petition for forfeiture of the guns. The trial court granted the forfeiture. The appellate court reversed, relying on State v. Casalicchio (1991),58 Ohio St.3d 178, which held that the Double Jeopardy Clauses of the Ohio and U.S. Constitutions forbid forfeiture under R.C.2933.43 when the state does not seek it "until after a defendant has been sentenced for [the underlying felony]." Id. at 183:
 "Although the forfeiture in Casalicchio was pursuant to R.C. 2933.42 and 2933.43, whereas the forfeiture in the case before us is pursuant to R.C. 2933.41, we conclude that the result must be the same under the circumstances of this case. The city conceded, at oral argument, that the propriety of the forfeiture in the case before us was dependent upon James Dorsey's having been convicted of the offense with which he was charged pursuant to the second of the two indictments against him. The city conceded that if James Dorsey had been acquitted of that charge, the guns could not properly have been forfeited. Accordingly, we conclude that State v. Casalicchio is controlling under the facts of this case.
 Because we conclude that the forfeiture petition in the case before us was filed after James Dorsey's conviction and sentence, we conclude that it was barred by the Double Jeopardy Clause of both the Ohio and United States Constitutions under the authority of State v. Casalicchio." Id. at 528-29.
In State v. Lilliock (1982), 70 Ohio St.2d 23, the Supreme Court of Ohio pronounced:
 "Although R.C. 2933.41 is not a forfeiture statute, deprivation of defendant's right to possession of his vehicle is as onerous as if the state had declared a forfeiture. R.C. 2933.41 must be construed strictly, keeping in mind the principle that forfeitures are not favored in law or equity. State. ex rel. Lukens. v. Indus. Comm. (1944), 143 Ohio St. 309, 611; State, ex rel. Cline, v. Indus. Comm. (1939), 136 Ohio St. 33, 35; 24 Ohio Jurisprudence 2d 524, Forfeitures, Section 4; 37 Corpus Juris Secundum 8-9, Forfeitures, Section 4. This accords with the general principle that statutes imposing restrictions upon the use of private property, in derogation of private property rights, must be strictly construed. See Saunders v. Zoning Dept. (1981), 66 Ohio St.2d 259, 261; Perkins v. Hattery (1958), 106 Ohio App. 361, 365. Whenever possible, such statutes must be construed so as to avoid a forfeiture of property. State, ex rel. Jones, v. Board
(1915), 93 Ohio St. 14, 16. No forfeiture may be ordered unless the expression of the law is clear and the intent of the legislature manifest. See Lessee of Bond v. Swearingen (1824), 1 Ohio 395, 404; 37 Corpus Juris Secundum 11, Forfeitures, Section 5." Id. at 26.
 B. ANALYSIS
Appellant affirmatively asserted ownership of the 21 firearms seized by the Belmont County Sheriff's Department and sought their return by virtue of a Motion to Return Seized Property. The State, however, has not yet filed a petition to forfeit the seized firearms. Indeed, this court previously held in State v. Kennedy
(1996), 114 Ohio App.3d 221, that the State failed to initiate forfeiture proceedings pursuant to R.C. 2925.42. Id. at 224. Pursuant to R.C. 2925.42, the State is precluded from seeking forfeiture as the State neither identified the property potentially subject to forfeiture in the indictment or sought a proceeding to determine the disposition of such property.
The trial court initially denied appellant's motion to return the seized property and upon remand again denied appellant's motion citing R.C. 2923.13 in support. However, the record is void of any finding by the trial court that appellant was a convicted felon or that he had an indictment pending against him at the time the guns were seized. Moreover, the record is also void of any count in the indictment charging appellant with having a weapon under disability pursuant to R.C. 2923.13 (A) (2). Rather, the trial court sua sponte summarily adjudicated appellant as having a weapon under a disability. In the absence of any prior indictment or conviction for the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse, the trial court could not order forfeiture of the firearms. Furthermore, the State could not have sought forfeiture of the firearms subsequent to the indictment or conviction for trafficking in drugs. To do so would clearly violate the Ohio and U.S. Constitutions prohibition against Double Jeopardy. SeeCasalicchio, supra; Dorsey, supra. The law is clear and the intent of the legislature is manifest that no forfeiture may be ordered under the circumstances presented sub judice. SeeLilliock, supra. Accordingly, appellant's assignment of error is with merit.
For the foregoing reasons, the decision of the trial court is reversed and this cause is remanded to the trial court. In light of the fact that appellant is a convicted felon, it would be inappropriate to order a direct return of the firearms. As such, the trial court shall return the firearms to a representative of appellant's choice. Upon receiving such, said representative shall properly dispose of the firearms and return all proceeds to appellant.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 ____________________________________ JOSEPH J. VUKOVICH, JUDGE
[1] "The State has failed to file a brief."
[2] It is undisputed that the firearms are not contraband. Consequently, R.C. 2933.41 is the applicable statutory provision.