OPINION
Defendant-appellant Thomas Lott appeals from the November 3, 2000, Judgment Entry of the Fairfield County Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On February 24, 2000, a complaint was filed in the Fairfield Municipal Court alleging that appellant "did unlawfully [h]unt and kill a deer on the lands of another without first obtaining written permission from the landowner or his authorized agent" in violation of R.C. 1533.17, a misdemeanor of the third degree (Case No. 2000-CRB-279).
On the same date, five complaints were filed in the Fairfield Municipal Court alleging that appellant possessed a deer or parts of a deer in violation of R. C. 1531.02 and/or OAC1501:31-15-11(KK) or (Q), all misdemeanors of the third degree (Case No. 00-CRB-280(A)-(E)). The deer and/or parts of a deer were discovered by officers of the Ohio Division of Wildlife after a search warrant was executed on appellant's residence.
Thereafter, on September 26, 2000, appellant entered pleas of guilty to three counts of unlawful possession of deer or deer parts (Case No. 00-CRB-00280(A)(B) and (E)). As part of the plea agreement, two other counts of unlawful possession of deer or deer parts (Case No. 00-CRB-00280(C) and (D)) and the count of hunting while trespassing (Case No. 2000-CRB-279) were dismissed. At the sentencing hearing held on October 23, 2000, appellant was sentenced to thirty days in jail on each of the counts of unlawful possession of deer or deer parts. The trial court, after ordering that the sentences be served consecutively, suspended the same. As memorialized in the November 3, 2000, Judgment Entry, the trial court also fined appellant $200.00 and ordered appellant to pay restitution in the amount of $1,600.00. The trial court, in its November 3, 2000, Judgment Entry, also stated as follows:
 Finally, this court after careful consideration and being cognizant of the fact that the parties could not agree on the final disposition of the deer parts that were seized by ODNR by search warrant dated February 5, 2000, and pertaining to those cases that were dismissed by the State of Ohio as part of the negotiated plea agreement does find that because Defendant has now been ordered to pay restitution to the State of Ohio for the four deer wrongfully killed by Defendant that the remainder of the deer parts shall be considered contraband and also forfeited to the State of Ohio, Dept. of Natural Resources. However, while those items will also be forfeited immediately to the Dept. of Natural Resources, the Dept. will hold those items in safekeeping pending appeal until November 28, 2000.
 It is from the trial court's November 3, 2000, Judgment Entry that appellant now prosecutes his appeal, raising the following assignment of error:[1]
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING THE STATE'S REQUEST TO FORFEIT PROPERTY PREVIOUSLY SEIZED BY THE GOVERNMENT WHEN SUCH PROPERTY WAS NOT CONTRABAND AS DEFINED BY THE OHIO REVISED CODE, AND THE UNDERLYING CRIMINAL OFFENSES WERE DISMISSED. BECAUSE THE TRIAL COURT ORDERED SUCH FORFEITURE WITHOUT JURISDICTION TO DO SO IT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE DUE PROCESS CLAUSES OF THE FEDERAL AND OHIO CONSTITUTIONS.
 I
Appellant, in his sole assignment of error, challenges the trial court's November 3, 2000, order requiring the forfeiture of two mounted deer heads (referred to by appellant in his brief as the "Y2K deer" and the "airplane deer"). Appellant specifically contends that the trial court erred in granting the State's request to forfeit such property when the same was not contraband and when the underlying criminal offenses were dismissed. As is stated above, the trial court, in its November 3, 2000, Judgment Entry, ordered forfeiture of the deer heads that were seized by the Ohio Department of Natural Resources pursuant to a search warrant dated February 5, 2000, on the basis that the same were contraband as defined by R. C. 2901.26.
R.C. 2901.01(A)(13) defines contraband as meaning any property described in the following categories:
 (a) Property that in and of itself is unlawful for a person to acquire or possess;
 (b) Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it, including, but not limited to, goods and personal property described in division (D) of section 2913.34
of the Revised Code;
 (c) Property that is specifically stated to be contraband by a section of the Revised Code or by an ordinance, regulation, or resolution;
 (d) Property that is forfeitable pursuant to a section of the Revised Code, or an ordinance, regulation, or resolution, including, but not limited to, forfeitable firearms, dangerous ordnance, obscene materials, and goods and personal property described in division (D) of section 2913.34 of the Revised Code;
 (e) Any controlled substance, as defined in section 3719.01 of the Revised Code, or any device, paraphernalia, money as defined in section 1301.01 of the Revised Code, or other means of exchange that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in a violation of, Chapter 2925. or 3719. of the Revised Code;
 (f) Any gambling device, paraphernalia, money as defined in section 1301.01 of the Revised Code, or other means of exchange that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in the violation of, Chapter 2915. of the Revised Code;
 (g) Any equipment, machine, device, apparatus, vehicle, vessel, container, liquid, or substance that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in the violation of, any law of this state relating to alcohol or tobacco;
 (h) Any personal property that has been, is being, or is intended to be used in an attempt or conspiracy to commit, or in the commission of, any offense or in the transportation of the fruits of any offense;
 (i) Any property that is acquired through the sale or other transfer of contraband or through the proceeds of contraband, other than by a court or a law enforcement agency acting within the scope of its duties;
 (j) Any computer, computer system, computer network, computer software, or other telecommunications device that is used in a conspiracy to commit, an attempt to commit, or the commission of any offense, if the owner of the computer, computer system, computer network, computer software, or other telecommunications device is convicted of or pleads guilty to the offense in which it is used.
Appellant is correct that the two mounted deer heads in question, which were not covered by the counts to which appellant pled, do not meet any of the above definitions. Moreover, appellee conceded the same at the oral hearing in this matter.
The two deer heads seized in the case sub judice were seized pursuant to R.C. 1531.13. Such section states, in relevant part, as follows:
 A wildlife officer, sheriff, deputy sheriff, constable, or officer having a similar authority may search any place which the officer has good reason to believe contains a wild animal or any part of a wild animal taken or had in possession contrary to law or division rule, or a boat, gun, net, seine, trap, ferret, or device used in the violation, and seize any the officer finds so taken or possessed. If the owner or person in charge of the place to be searched refuses to permit the search, upon filing an affidavit in accordance with law with a court having jurisdiction of the offense and upon receiving a search warrant issued, the officer forcibly may search the place described, and if in the search the officer finds any wild animal or part of a wild animal, or any boat, gun, net, seine, trap, ferret, or device in the possession of the owner or person in charge, contrary to this chapter or Chapter 1533. of the Revised Code or division rule, the officer shall seize it and arrest the person in whose custody or possession it was found. The wild animal or parts of a wild animal or boat, gun, net, seine, trap, ferret, or device so found shall escheat to the state.
R.C. 1531.20 provides for the seizure of devices, such as motor vehicles, boats and guns, used in the unlawful taking of wild animals. Such section further states, in pertinent part, as follows:
 Any motor vehicle, all-terrain vehicle, or boat used in the unlawful taking or transporting of wild animals, and any net, seine, trap, ferret, gun, or other device used in the unlawful taking of wild animals, is a public nuisance. Each wildlife officer, or other officer with like authority, shall seize and safely keep such property and the illegal results of its use, and unless otherwise ordered by the chief of the division of wildlife shall institute, within five days, proceedings in a proper court of the county for its forfeiture. (Emphasis added).
Thereafter, R.C. 1531.20 sets forth a procedure for the forfeiture of "any such property."[2] Pursuant to such section:
 An action for the forfeiture of any such property
shall be commenced by the filing of an affidavit describing the property seized and stating the unlawful use made of it, the time and place of seizure, and the name of the person owning or using it at the time of seizure. If the name is unknown, that fact shall be stated. Upon the filing of the affidavit, the court shall issue a summons setting forth the facts stated in the affidavit and fixing a time and place for the hearing of the complaint. A copy of the summons shall be served on the owner or person using the property at the time of its seizure, if the owner or user is known, or by leaving a copy thereof at the owner's or user's usual residence or place of business in the county, at least three days before the time fixed for the hearing of the complaint. If the owner or user is unknown or a nonresident of the county or cannot be found therein, a copy of the summons shall be posted at a suitable place nearest the place of seizure, but if the owner's or user's address is known, a copy of the summons shall be mailed to the owner or user at least three days before the time fixed for the hearing of the complaint. On the date fixed for the hearing, the officer making the service shall make a return of the time and manner of making the service. Upon the proper cause shown, the court may postpone the hearing.(Emphasis added).
Thus, R. C. 1531.20 provides for the forfeiture of wild animals. SeeState v. Adams (1995), 105 Ohio App.3d 492. Forfeiture proceedings under R.C. 1531.20 are in rem civil actions. Ohio Dept. of Natural Resourcesv. Prescott (1989), 42 Ohio St.3d 65, syllabus. It is unnecessary that a defendant be found guilty of criminal charges in order to proceed in forfeiture under R.C. 1531.20. Id. at 68. As noted by the court inPrescott, supra.:
 "Even were acquittal to result from a criminal proceeding against the individual, said acquittal would merely indicate the existence of a reasonable doubt as to the defendant's guilt, but does not negate the possibility that a preponderance of the evidence will show that he engaged in the proscribed activity . . ."
Id.
Upon our review of the record in this matter, we find that no forfeiture proceedings were instituted in the case sub judice with respect to the deer heads. In short, there is no evidence that the procedures for forfeiture set forth in R. C. 1531.20 were complied with prior to the trial court's order directing the forfeiture of the deer heads. However, as is noted above, at issue in the case sub judice was the forfeiture of two deer heads — one referred to by appellant as the "Y2K" deer and the other referred to by appellant as the "airplane" deer. The Judgment Entry of the trial court ordering the forfeiture of the deer parts from the dismissed cases does not identify any of the deer parts using the terms "Y2K deer" or "airplane deer". The Judgment Entry of the trial court is a combined entry. The trial court issued an entry containing both trial court case numbers in the heading. That entry was filed in each of the two cases. We cannot determine whether the "Y2K deer" or the "airplane deer" was connected to the hunting while trespassing charge which is the subject of this appeal. We also cannot determine whether the "airplane deer" and/or the "Y2K deer" were connected to any of the illegal possession charges in trial court Case No. 00CRB280. Since the appeal from Case No. 00CRB280 is not before us, we are making no determination as to that case, and the order in that case remains in effect. So, if in fact the "Y2K deer" or the "airplane deer" was ordered forfeited by the trial court under both case numbers, a reversal and remand in the case sub judice still leaves a non-appealed order of forfeiture in the other case.
Therefore, this matter is reversed and remanded to the trial court for a determination as to whether the "airplane deer" or the "Y2K deer" were connected to trial court Case No. 00CRB279. If not, there is nothing to be ordered returned to appellant pursuant to this decision. If the trial court determines that either or both the "airplane deer" or/and the "Y2K deer" are connected to Case No. 00CRB279, then the trial court shall also determine whether that or those deer are connected to trial court Case No. 00CRB280. If the trial court determines that either or both the "Y2K deer" or/and the "airplane deer" are connected to Case No. 00CRB279 and
not to Case No. 00CRB280, then the trial court shall order the return of the appropriate deer part to the appellant. The burden to establish whether either or both the "airplane deer" or/and the "Y2K deer" are connected to this case and only this case is upon appellant. If appellant fails to meet his burden, nothing shall be ordered to be returned to him. In any case, the trial court shall enter its findings in writing on the record.
For the foregoing reasons, the judgment of the Fairfield County Municipal Court is reversed and this matter is remanded to the trial court for further proceedings.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is reversed and remanded for further proceedings. Costs to appellee.
Hon. Julie Edwards, P.J., Hon. Sheila Farmer, J., Hon. John Boggins, J., concur.
[1] Appellant's appeal from Case No. 00CRB280 was dismissed by this Court for want of prosecution pursuant to a Judgment Entry filed on May 31, 2001. Therefore, the appeal pending before us deals only with Case No. 00CRB279. Case No. 00CRB279 involves one count of hunting while trespassing and this charge was dismissed by the trial court.
[2] The Ohio Attorney General, in OAG No. 94-064, recognized that deer antlers were subject to the forfeiture proceedings set forth in R.C.1531.20.