The STATE of Ohio, Appellant,

v.

ACOFF, Appellee.

[Cite as *State v. Acoff* (1998), 131 Ohio App.3d 657.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–971011.

Decided Sept. 11, 1998.

*Fay D. Dupuis*, Cincinnati City Solicitor, *Terrence R. Cosgrove*, City Prosecutor, and *Thomas A. Rolfes*, Assistant City Prosecutor, for appellant.

*Robert Hendricks*, for appellee.

PAINTER, Judge.

On May 24, 1997, defendant-appellee, Tommy Acoff, pleaded no contest to a charge of improperly handling a firearm in a motor vehicle, a violation of R.C. 2923.16(C). The trial court fined Acoff $200 plus costs, but released the firearm to Acoff, even though the prosecutor asked that the state retain possession of the gun.

In its sole assignment, the state asserts that the trial court's decision to release the firearm to Acoff was contrary to law.[1] We must agree.

The proof of the state's argument is contained in R.C. 2933.41, which governs the disposition of property held by law enforcement agencies. R.C. 2933.41(C) states:

"A person loses any right that the person may have to the possession, or the possession and ownership, of property if any of the following applies:

"(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.

"(2) A court determines that the property should be forfeited because, in light· of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property."

---

1. We *sua sponte* remove this case from the accelerated calendar.

██ By operation of law, then, an individual loses any right to possession and ownership of property that is the subject of an offense other than a traffic offense. The improper handling of firearms under R.C. 2923.16 is not a traffic offense and, therefore, Acoff lost all rights to the firearm after his no contest plea. The trial court had no power to release the firearm to Acoff because R.C. 2933.41(A)(1) provides that "[a]ny property * * * that has been * * * lawfully seized or forfeited * * * *shall* be disposed of pursuant to this section." (Emphasis added.) See *State v. Mohn* (Aug. 16, 1995), Medina App. No. C.A. 2388–M, unreported, 1995 WL 499918.

██ Additionally, we summarily reject Acoff's argument that the forfeiture of the gun would result in double jeopardy. The state requested the forfeiture in the same proceeding in which the fine was levied. The Double Jeopardy Clause does not restrict the imposition of multiple punishments in a single proceeding. See *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435; *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 569 N.E.2d 916. The state's single assignment is sustained.

For the reasons stated above, we vacate that part of the trial court's order releasing the firearm to Acoff. We remand this case to the trial court for implementation and execution of the amended judgment in accordance with this decision and law.

*Vacated in part*
*and cause remanded.*

GORMAN, P.J., and SHANNON, J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.