[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellee Timothy Werling was convicted of inducing panic, in violation of R.C. 2917.31(A)(3). Werling, wearing a parachute, jumped off of the Carew Tower in downtown Cincinnati. Werling's parachute caught on the twenty-ninth floor, where he hung from a ledge until rescued by fire personnel. The trial court ordered the parachute returned to Werling.
The sole assignment of error alleges that the trial court erred in ordering the parachute returned to Werling over the state's objection.
R.C. 2933.41 (C)(1) provides the following:
 A person loses any right that the person may have had to the possession, or the possession and ownership, of property if any of the following applies:
 The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.
 By operation of law, pursuant to R.C. 2933.41(C)(1), a person loses any right to possession or ownership of property that is the subject of, or is used in the commission of, an offense other than a traffic offense. See State v. Acoff (1998), 131 Ohio App.3d 657, 723 N.E.2d 580; State v. Malachi (Sept. 25, 1998), Hamilton App. No. C-970714, unreported. The statute provides that all such property "shall be disposed of pursuant to this section." R.C. 2933.41(A)(1). The legislature intended to preclude courts from returning property even in the presence of "strong mitigating factors." See State v. Malachi, supra.
Werling's parachute was the subject of, or used in the commission of, Werling's offense. Therefore, the trial court erred in ordering the parachute returned to Werling.
Therefore, the trial court's decision ordering the return of the parachute to Werling is reversed, and the cause is remanded for further proceedings consistent with law and this Judgment Entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.