OPINION
This matter comes before us on appeal of the decision of the Campbell Municipal Court denying Appellant John Kohut's request to have a firearm returned to him. Based on the record herein and the law as it currently stands, we must affirm the trial court's decision.
The record reflects that on April 21, 1999, Appellant was approached outside of his home by two men who asked for money. Appellant refused and told them to leave his property. As the men apparently refused to leave, Appellant went into the house, returned with a gun and began firing at the men. When officers arrived at the scene, they arrested Appellant, seized the gun and charged Appellant with two counts of felonious assault in violation of R.C. § 2903.11(A)(1).
The charges were later amended to two counts of negligent assault, a violation of Campbell City Code § 131.04, on October 8, 1999. Appellant pleaded no contest to the charges as amended, was found guilty, fined $250 and placed on probation. The trial court further ordered that the weapon used in the commission of the offense, which had been held as evidence, was to remain in the custody of the police pending further order of the court.
Several months later, on May 21, 2000, Appellant filed what he styles as a Motion to Return Property. This motion sought return of the gun. Appellant's motion was denied, and the court ordered that the weapon be confiscated and destroyed pursuant to law.
Appellant filed a timely appeal of this order and raises a sole assignment of error:
 "The trial court committed reversible error by ordering the de facto forfeiture of a firearm seized from Appellant, John Kohut, in violation of his constitutional rights against Double Jeopardy and against excessive fines."
Essentially, Appellant complains that the trial court erred in ordering the forfeiture of his gun when the prosecutor failed to formally institute a forfeiture action pursuant to R.C. § 2933.43(C). However, because Appellant's requested property was a gun used in the commission of a crime, Appellant's arguments must fail.
Appellant's gun was considered contraband pursuant to R.C. §2901.01(A)(13)(h). This is true because the gun was used in the commission of an offense for which Appellant pleaded guilty. This section authorized the seizure of Appellant's gun.
As earlier stated, Appellant pleaded to and was found guilty of violating Campbell City Code § 131.04, which states:
 "(A) No person shall negligently, by means of a deadly weapon or dangerous ordnance as defined in Section 2923.11 of the [Ohio] Revised Code, cause physical harm to another."
This section, by its very terms, contains as an element the use of a weapon, in this case, a firearm.
Turning to the error alleged by Appellant, it is undisputed that no formal forfeiture action pursuant to R.C. § 2933.43(C) was instituted by the state in this matter. This is true because another section of the state statute, R.C. § 2933.41(C), allows the state to dispose of so-called contraband property without the necessity of filing a formal forfeiture action.
We have recently decided, in a case strikingly similar to the one before us, that a weapon used in the commission of an offense could be disposed of without further legal filings. As we stated in State v.Singletary (Dec. 9, 1999), Mahoning App. No. 98 CA 107, unreported:
 "Nothing in the record indicates that appellee sought the forfeiture of appellant's weapons or filed a petition to that effect. Rather, the trial court appears to have sua sponte ordered the forfeiture without a hearing on the matter and without presenting an opportunity for appellant to show why the weapons should not be forfeited.
"The trial court noted that the offense appellant was convicted of was a crime of violence and that appellant had pistol whipped Hartman. R.C.2933.41(C) provides as follows:
 "A person loses any right he may have to the possession and ownership of property, if any of the following applies:
 "(1) The property was the subject, or was used in a conspiracy or an attempt to commit, or in the commission of an offense other than a traffic offense, and such person is a conspirator, accomplice or offender with respect to the offense."
"With respect to State's Exhibit 1, the .44 magnum, the evidence clearly established that the weapon was used in the commission of the offense. Thus, appellant lost any right to possess the weapon pursuant to R.C.2933.41(C)(1), and was precluded from claiming it. State v. Grundy (Dec. 9, 1998), Summit App. No. 19016, unreported. Although no particular procedure is established for accomplishing the forfeiture of property pursuant to R.C. 2933.41(C)(1), that provision appears to permit a trial court, as part of a judgment of conviction, to order the forfeiture of property used in the commission of an offense. State v. Hanauer (May 3, 1995), Montgomery App. No. 14492, unreported."
Singletary specifically involves the forfeiture of a gun used in the commission of the crime of aggravated menacing. In the matter before us, the gun was used in the commission of the crime of negligent assault. In all other respects, these cases are alike in matters pertinent to this issue. Therefore, under the law as found in R.C. § 2933.41, forfeiture is automatic upon a finding of guilt and the present Appellant is not entitled to the return of his weapon, which may be disposed of by the state without need for further forfeiture actions.
When we acknowledged in Singletary that the contraband forfeiture section provided no formal procedure for forfeiture, we also decided that no such procedure was necessary; that is, forfeiture under R.C. §2933.41 is completely automatic once the property is identified as evidence and the accused is found guilty.
In so holding, we maintain consistency and agreement with other districts. See State v. Acoff (1998), 131 Ohio App.3d 657, 659 (First Dist.), State v. Richard (Sept. 7, 2000), Cuyahoga App. No. 76797, unreported (Eighth Dist.), State v. Grundy (Dec. 9, 1998), Summit App. No. 19016, unreported (Ninth Dist.), and State v. Hanauer (May 3, 1995), Montgomery App. No. 14492, unreported (Second Dist.). All of these other districts also hold that forfeiture of property used in the commission of a crime is automatic.
In addition, the trial court did not need further evidence presented in order to deny Appellant's motion. It is apparent from the record that Appellant was initially charged with felonious assault and the seized weapon was described. The fact that Appellant later pleaded guilty to a lesser offense does not make this weapon legitimate and does not make its seizure improper. In order to prevail, Appellant must show in the record that the weapon was not similarly identified at his plea hearing to the amended charges. The fact that we have no transcript of the plea hearing, as in all cases where no transcript is filed, inures to the detriment of Appellant, who had the duty of supplying a transcript. Also, it is apparent in the record that Appellant ultimately pleaded to a charge of causing or attempting to cause harm to another by use of a deadly weapon. His plea was an admission of those facts. State v. Perry
(1998), 83 Ohio St.3d 41, 43. Thus, a review of the entire record before this Court reveals that the trial court had before it an admission by Appellant that the contraband in question was used in the commission of the crime.
Further, although I would find that Appellant's forfeiture here was automatic, it must be noted that Appellant waited seven months, from October of 1999 to May of 2000, to file his motion seeking return of the gun. After this long a period, the court could have ruled that the property had been abandoned and disposed of it under the unclaimed property provision of R.C. § 2933.41(D)(2). Because Appellant did eventually seek its return, however, the trial court was well within its right to declare the forfeiture to be automatic and deny Appellant the relief he sought. Thus, the trial court decision is affirmed.
Vukovich, P.J., concurs.
DeGenaro, J., dissents; see dissenting opinion.