I must respectfully dissent. I disagree with the majority's conclusion that the Revised Code provides no particular procedure for the forfeiture of property used in the commission of an offense. I would find R.C.2933.43(C) provides just such a procedure. Because the procedural mandates of R.C. 2933.43(C) were not followed in this case, I would reverse the trial court's decision and remand this case for further proceedings.
As noted by the majority, the firearm at issue in this case was contraband under R.C. 2901.01(A)(13)(h) as it apparently was used in the commission of the offense to which Kohut pled guilty. Pursuant to R.C.2933.41(C)(1), a person loses the right to own or possess any property that person used in the commission of an offense, other than a traffic offense. The majority's opinion relies heavily upon this court's decision in State v. Singletary (Dec. 9, 1999), Mahoning App. No. 98 CA 107, unreported, wherein the panel noted R.C. 2933.41(C) provides no particular procedure for accomplishing the forfeiture of property. Id. at 4. However, Singletary ignores the fact that R.C. 2933.43(C) provides that procedure when the property in question is contraband. Because of R.C. 2933.43(C), forfeiture under R.C. 2933.41(C) cannot be automatic when the property in question is contraband. Therefore, in order for this seizure to properly be transformed into a forfeiture, the trial court must comply with the procedures in R.C. 2933.43(C).
 "The prosecuting attorney, village solicitor, city director of law, or similar chief legal officer who has responsibility for the prosecution of the underlying criminal case * * * shall file a petition for the forfeiture, to the seizing law enforcement agency of the contraband seized pursuant to division (A) of this section. The petition shall be filed in the court that has jurisdiction over the underlying criminal case * * * involved in the forfeiture. * * *
 "If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense * * *, no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of * * * the offense or a different offense arising out of the same facts and circumstances * * *; a forfeiture hearing shall be held in a case of that nature no later than forty-five days after the conviction * * *, unless the time for the hearing is extended by the court for good cause shown. The owner of any property seized because of its relationship to an underlying criminal offense * * * may request the court to release the property to the owner. * * *
 "Where possible, a court holding a forfeiture hearing under this section shall follow the Rules of Civil Procedure. When a hearing is conducted under this section, property shall be forfeited upon a showing, by a preponderance of the evidence, by the petitioner that the person from which the property was seized was in violation of division (A) of section 2933.42 of the Revised Code. If that showing is made, the court shall issue an order of forfeiture. * * * Except as otherwise provided in this division, all rights, interest, and title to the forfeited contraband vests in the state, effective from the date of seizure." (Emphasis added) R.C. 2933.43(C).
Ohio law does not favor forfeiture. State v. Hill (1994),70 Ohio St.3d 25, 31, 635 N.E.2d 1248, 1253; Singletary, supra. Therefore, statutes imposing forfeiture should be strictly construed, and whenever possible, forfeiture should be avoided. State v. Lilliock
(1982), 70 Ohio St.2d 23, 25-26, 24 O.O.3d 64, 65-66, 434 N.E.2d 723,725. The procedure established in R.C. 2933.43(C) for forfeiture is vital to ensuring the State does not force an improper forfeiture. By not applying those procedures when forfeiture appears appropriate due to R.C.2933.41(C)(1), the majority fails to strictly construe this statutory framework against forfeiture. R.C. 2933.41(C)(1) is the state's justification for seeking forfeiture, not the vehicle to effect forfeiture.
A demonstration of why this procedure is vital is appropriate. Let us assume a man, Smith, had a friend who left a firearm at Smith's home. Smith then becomes involved in a dispute with a third party, goes inside his home to retrieve his friend's firearm and fires it at the third party. Under the majority's rule, in all likelihood, Smith's friend's firearm would be forfeited because Smith's friend would not have the opportunity to request the return of his firearm. Likewise, if, in the present case, Kohut owned more than one firearm and, when he was arrested, the officers seized the wrong firearm, there is no procedural remedy available to Kohut to prove the firearm was not the one used in the commission of the offense.
In the present case, the trial court failed to comply with the mandatory, statutory procedures found in R.C. 2933.43 and ordered a forfeiture. The record reveals not only that the prosecuting attorney failed to file a petition for forfeiture, the trial court failed to hold a forfeiture hearing within forty-five days after Kohut was convicted of Negligent Assault.
I wish to make it clear I am not concluding that, had a proper forfeiture hearing been held, Kohut would have had the firearm returned to him. If the firearm in question was his firearm and was used in the commission of the offense of which he was convicted, then he lost any right to that firearm pursuant to R.C. 2933.41(C)(1). However, because the prosecution did not file a petition for forfeiture in accordance with R.C. 2933.43(C), the trial court had no basis upon which it could properly order the forfeiture of this firearm.
In holding that a trial court must comply with the procedural mandates of R.C. 2933.43(C) before it may order the forfeiture of any contraband, even that used in the commission of an offense, I would disagree with this court's decision in Singletary and the case it relies upon, Statev. Hanauer (May 3, 1995), Montgomery App. No. 14492, unreported. However, I would still be "maintaining consistency and agreement" with other cases cited by the majority.
For instance, in State v. Acoff (1998), 131 Ohio App.3d 657, the defendant pled no contest to a charge of improperly handling a firearm in a motor vehicle. At the sentencing hearing, the prosecutor asked that the state retain possession of the gun. However, the trial court released the gun to the defendant. The First District reversed that decision, noting that an individual loses any right to property used in the commission of a non-traffic offense, and remanded for implementation and execution of the amended judgment. However, the decision is silent as to how the trial court is to implement that amended judgment. It does not speak to the issue in this case, namely, what procedure must a trial court follow when ordering a forfeiture.
The majority also concludes it is "maintaining consistency and agreement" with State v. Richard (Sept. 7, 2000), Cuyahoga App. No. 76797, unreported. In Richard, a jury found the defendant guilty of one count of preparation of drugs for sale, three counts of possession of drugs, two counts of trafficking in cocaine, and one count of possession of criminal tools. The trial court sentenced the defendant and ordered the forfeiture of the funds seized at the time of the defendant's arrest. When discussing whether that order was proper, the Eighth District correctly noted R.C. 2933.41(C)(1) provides a person loses any right to property used in the commission of a non-traffic offense. It then goes on to decide whether the funds in question were used in the commission of the offense. Once again, the opinion is silent as to what is the proper procedure a trial court must follow when ordering a forfeiture of contraband. In other words, Richard would be consistent with both the majority's opinion and this dissent.
In this case, Kohut pled guilty to two counts of Negligent Assault. Without the forfeiture hearing required by R.C. 2933.43(C), it is impossible to tell either whether the firearm in question was the one used in the commission of the offense or even whether the firearm was Kohut's to forfeit. For these reasons, I would find the trial court's erred when it ordered Kohut's firearm be forfeited and would reverse its decision.