[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
On September 9, 2002, two Cincinnati police officers observed defendant-appellee Raymond Turner playing in a dice game in front of a bar in the Over-the-Rhine area of Cincinnati. The officers saw money in the hands of the players as well as on the ground. One officer observed Turner roll the dice. When the officers approached the players, they picked up the money and dice and ran. Turner ran into the bar, where he was subsequently arrested.
The officers recovered marijuana and $2983 from Turner. Turner explained that the money was part of his $70,000-a-year salary, but he was unable to recall the name of his employer. Turner later testified at trial that there was no such employer. Turner never offered another explanation about where the money might have come from other than the dice game.
Turner was charged with drug abuse in violation of R.C. 2925.11, and with public gaming in violation of Cincinnati Municipal Code 906-9. After a bench trial, Turner was found guilty of both offences. At sentencing, the state requested the forfeiture of $2983. The court denied this request, finding that the state had failed to demonstrate that the money seized from Turner had been used for gaming.
On appeal, the state now asserts that the trial court erred in refusing to grant the forfeiture. We find this assignment to be well taken and reverse the judgment of the court.
The state asserts that the seized money was contraband pursuant to R.C. 2901.01(13)(f) and should have been forfeited according to R.C.2933.41(C). Despite the state's assertions that we must consider whether the money was contraband, it is clear that R.C. 2933.41(C) applies to all property lawfully held by the police under a variety of circumstances (not just contraband, which is governed by R.C. 2933.43).[1] Thus, we need not consider whether the money was in fact contraband under R.C.2901.01(13)(f).
R.C. 2933.41 provides that a person loses the right to possession of money if either of the following applies: "(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense [or], (2) A court determines that the property should be forfeited because, in light of the nature of the property or circumstances of the person, it is unlawful for the person to acquire or possess the property." We have held that, pursuant to R.C. 2933.41(C), an individual loses, as a matter of law, any right to possession and ownership of property that is the subject of an offense other than a traffic offense.[2]
Because proceedings under R.C. 2933.41 are civil in nature, the state has the burden of establishing its claim by a preponderance of the evidence.[3] Thus, it was the state's burden in this case to demonstrate that it was more likely than not that Turner had used the money in the commission of the offense for which he was convicted.
It is clear from the testimony that the money in question was part of the dice game. Turner was observed participating in the dice game, and both officers observed money on ground. One officer testified that, as he approached the players, at least three of the players took the money. The other officer testified that he saw only one person grab the money. While neither officer was sure whether Turner had grabbed the money, the evidence is clear that Turner was arrested shortly after he had fled from the game, and there was no explanation for him having such a large sum of money. Given the evidence presented in this case, we are convinced that the state proved, by a preponderance of the evidence, that the confiscated money was used in the dice game for which Turner was convicted.
Accordingly, we reverse the judgment of the trial court refusing to grant the forfeiture, and we remand the cause for further proceedings consistent with this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
SUNDERMANN, P.J., DOAN and HILDEBRANDT, JJ.
[1] See State v. Selbak, 12th Dist. No. CA2002-06-139, 2003-Ohio-2688, ¶ 21.
[2] See State v. Acoff (1998), 131 Ohio App.3d 657, 658,723 N.E.2d 580.
[3] See State v. Selbak, supra, at ¶ 23.