OPINION
{¶ 1} Defendant-appellant Richard Crawford appeals from an entry filed by the Municipal Court of Xenia, Ohio, Traffic Division dated February 15, 2005. The entry ordered the forfeiture of a 1997 Harley Davidson motorcycle purportedly owned by Crawford. The order of forfeiture was issued without a motion by the City for forfeiture and without notice and an opportunity to be heard.
 I {¶ 2} On July 18, 2004, Crawford was riding a motorcycle when he was pulled over by Xenia Police on suspicion of illegal license plates. Upon investigation it was determined that the license plates on the motorcycle were expired, but the registration sticker was valid. There was also no motorcycle endorsement on Crawford's driver's license. Crawford told the officer that the motorcycle was built from parts, the license plates belonged to a friend, and that he had never obtained a title or registration for the vehicle. Crawford was cited for failure to have a proper motorcycle endorsement and illegal license plates. The motorcycle was towed to a local impound lot because Crawford could not provide the officer with any proof of ownership.
 {¶ 3} On August 11, 2004, Crawford filed a Motion for Return of Property. That same day an entry was filed ordering the release of the motorcycle on August 17, 2004. On August 13, 2004, another release order was filed which identified Crawford as the owner of the motorcycle and noted that Vehicle Identification may be absent because the motorcycle was built from parts. Thereafter, an entry was filed on August 26, 2004, ordering the motorcycle not be released to Crawford because he could not provide proof of ownership. Curiously, the order of August 13, 2004, informed the impound lot that Crawford need only provide proof of insurance and a valid license to secure the vehicle; no mention was made of the title.
 {¶ 4} Crawford appeared in Xenia Municipal Court on December 16, 2004, and entered a plea of No Contest to the charges of No Motorcycle Endorsement and Illegal License Plates. He was fined $55.00 plus costs on each count. Finally, on February 15, 2005, the Court generated an entry sua sponte ordering the motorcycle be forfeited to the Xenia Police Division because it had not been claimed by Crawford. It is from this order that Crawford now appeals.
 II {¶ 5} Crawford's sole assignment of error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED WHEN IT FORFEITED APPELLANT'S VEHICLE WITHOUT FIRST HOLDING A HEARING"
 {¶ 7} In his only assignment of error Crawford contends that the trial court erred when it issued an order forfeiting his motorcycle without giving him proper notice or conducting a hearing, all in violation of his right to procedural due process as guaranteed by the Fifth and Fourteenth Amendments of the Ohio and U.S. Constitutions. Before depriving a person of property, the state is generally required to provide a hearing regarding the matter. Zinermon v. Burch, 494 U.S. 113, 127 (1990). Forfeitures of property are disfavored by the law, and when possible an individual's property rights are preferred over forfeiture statutes. Dept. Of Liquor Control v. Sons of ItalyLodge 0917, 65 Ohio St.3d 532, 534 (1992). Forfeiture is proper when the property is used in the commission of a crime, other than a traffic offense, which involves the owner of the property or the court determines that due to the nature of the property or the circumstances of the person, it would be unlawful for the person to possess the property. R.C. 2933.41 (C). In order for forfeiture to be proper the state must satisfy one of these two tests set forth in R.C. 2933.41 (C). State v. Norris, (November 12, 2004), Ashtabula County App. No. 2003-A-0047, 2004-Ohio-6031.
 {¶ 8} In this case two different orders were issued stating that the motorcycle should be released to Crawford. The order dated August 13, 2004, went so far as to name Crawford as the owner of the motorcycle and indicated that Vehicle Identification was not necessary because Crawford had built the motorcycle from parts. On August 26, 2004, another order was issued stating that the motorcycle could not be returned to Crawford due to his failure to provide the court with proof of ownership. After Crawford plead No Contest to the charges of No Motorcycle Endorsement and Illegal License Plates in December of 2004, no further entries were made with respect to the motorcycle until February 15, 2005. On that date an order was issued forfeiting the motorcycle because it had not been claimed by Crawford.
 {¶ 9} Crawford plead No Contest to two traffic offenses meaning that the court could not satisfy the first test set out under R.C. 2933.41 (C). Nothing within the record suggests that due to the nature of the property or the circumstances of Crawford, the court found it would be unlawful for him to possess the motorcycle. Thus, the court failed to satisfy the second test under R.C. 2933.41 (C). By failing to meet either of these tests, provide prior notice of the forfeiture or hold a hearing on the matter, the due process rights of Crawford guaranteed under the Fifth and Fourteenth Amendments of the Ohio and U.S. Constitutions were violated. For this reason the order of forfeiture is reversed and the matter remanded to the Municipal Court of Xenia, Ohio for further proceedings.
 {¶ 10} Appellant's sole assignment of error is sustained and the order of forfeiture is reversed and remanded.
Brogan, J. and Fain, J., concur.